## MEARNS v. CENTRAL R. R. OF NEW JERSEY.

(Circuit Court of Appeals, Second Circuit.  June 10, 1905.)

### No. 235.

1. FEDERAL COURTS—STATE DECISIONS—COMITY.
    Where an action against a carrier to recover damages for injuries to a passenger had been dismissed pursuant to the unanimous opinion of the highest state court, and the questions of negligence presented were not questions as to which the federal and state courts were at variance, comity required such decision to be followed by the federal courts in a subsequent action therein by the same parties for the same cause, though such opinion was not controlling authority.
    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 950, 977–979.
    State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. CARRIERS—INJURIES TO PASSENGERS—INVITATION TO ALIGHT.
    Where the porter or guard of a passenger train called out, "Jersey City; last stop; all out"—and followed it by opening the vestibule door of the car, such statement and act did not constitute a positive assurance to passengers that the car had stopped, nor an invitation to passengers to alight before the car had in fact stopped.
    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1224–1226.]

3. SAME—CONTRIBUTORY NEGLIGENCE.
    Where, after the porter of a railroad train had announced the last station and opened the vestibule door of the car, plaintiff, erroneously supposing that the train had stopped, stepped out into the vestibule, passed down the steps, and thence to the platform, while the train was moving, and was injured in so doing, he was guilty of contributory negligence, precluding a recovery.
    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1391–1393.]

In Error to the Circuit Court of the United States for the Southern District of New York.

In the spring of 1895 the plaintiff commenced a suit in the Supreme Court of New York upon the same cause of action stated in the complaint herein, the venue being laid in New York county. At the trial, which occurred in May, 1897, the plaintiff was nonsuited. The plaintiff appealed to the Appellate Division for the First Department where the judgment was reversed and a new trial granted. The opinion is reported in 23 App. Div. 298, 48 N. Y. Supp. 366. The defendant thereupon appealed to the Court of Appeals of New York, where the judgment of reversal was reversed and the judgment of nonsuit was affirmed. The opinion of the Court of Appeals is reported in 163 N. Y. 108, 57 N. E. 292. A motion for a reargument was made and denied. 164 N. Y. 598, 58 N. E. 1089. After the final defeat of the plaintiff in the state courts he commenced this action in June, 1901, obtaining jurisdiction on the ground of the diverse citizenship of the parties. At the trial in the Circuit Court the judge directed a verdict for the defendant upon the opening of the plaintiff's counsel and the plaintiff sued out a writ of error to this court. The facts will be found in the opinions delivered in the state courts. Although the inferences and presumptions drawn from the facts differ somewhat in the two tribunals the statements are, in their essential features, alike and do not differ materially from the statement presented to the Circuit Court which lead to a dismissal of the complaint.

Thomas P. Wickes, for plaintiff in error.
Austin G. Fox, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts). The plaintiff selected his forum and was defeated there by the unanimous decision of the court of last resort. We should, therefore, be clearly convinced that the Court of Appeals has taken an erroneous view of the law before holding the action of the trial judge in following their decision, to be error. We do not deem it important to enter upon a minute analysis of the opinion of the state court for the reason that, even if the facts were stated there precisely as the plaintiff's counsel contends they should have been, the same result would inevitably have followed. That other learned judges of the state took a different view is of no moment here; their opinion is not law; so far as the state courts are concerned the law is irrevocably fixed by the judgment of the Court of Appeals.

The questions of negligence presented are not questions where the federal and state courts are at variance, and although the opinion of the state court is not controlling upon us, every consideration based upon comity and the orderly administration of the law requires us to follow it in an action between the same parties and upon the same facts. Even in a case where we were not wholly in accord with the conclusions of the state court this would be true, but in the case at bar we are strongly inclined to the opinion that the case was properly disposed of there.

The contention of the plaintiff is, in effect, that when the porter, or guard, made the statement "Jersey City; last stop; all out," and followed it by opening the vestibule door, it amounted to a positive assurance by the defendant that the car had stopped and was an "invitation" to the plaintiff to alight accompanied with a guarantee that he could do so with safety. It is argued that it was

the duty of the porter to know whether the car had stopped or not; if he did not know it was negligence. If, on the other hand, he did know he should have warned the plaintiff not to get off, and his failure to do so was negligence. We do not think this contention can be maintained. It places upon carriers obligations which practically make them insurers of the lives and limbs of their passengers. It lays down a new, a stringent and an impracticable rule which will extend their liability far beyond its present limit and will, in effect, render them liable for injuries sustained by passengers in alighting from moving trains, whether made up of vestibuled or ordinary coaches, whenever a guard who has announced a station and opened the car door fails to inform them that the train is in motion and the party injured testifies that he supposed that the train was at a standstill. We prefer to take the view of the facts entertained by the Court of Appeals. The statement of the porter was not an "invitation" to alight, but was the usual announcement of a fact of interest to the passengers, namely that they had reached or were about to reach the end of their journey. The opening of the door of the vestibule did not warrant the inference that the car had stopped, but was only another act to facilitate the rapid and orderly egress of the passengers, after the train had stopped. Even though it be assumed that the porter knew that the train was in motion and that he saw the plaintiff step down from the platform, this falls far short of showing that he knew or ought to have known that the plaintiff intended to step off. It is so common for eager passengers in approaching a station to descend to the last step in order to avail themselves of the first opportunity to alight, that a guard who called out to a passenger in such a situation "Don't get off; the train has not stopped" would probably be denounced as an impertinent interloper. We cannot resist the conclusion that the deplorable accident which befell the plaintiff was attributable to his own lack of caution and was not due to the negligence of the defendant.

We agree with the Supreme Court of Massachusetts when they say in a case very similar upon the facts:

"Assuming that the action of the brakeman in calling the station and fastening back the door was to be regarded as an invitation, it was clearly not an invitation to alight from a moving train, but from the train after it had come to a stop. It did not authorize the plaintiff to attempt to get off from the train when in motion. But we do not think the action of the brakeman can, as a matter of law, be regarded as an invitation. It was, at the most, simply an announcement that the train was near the station, and would presently stop, and was given in order that passengers intending to alight there might prepare themselves to do so when the train stopped." England v. B. & M. R., 153 Mass. 490, 27 N. E. 1.

Although as a general rule it is unsatisfactory and unsafe to dispose of causes upon the opening statements of counsel we cannot see that in this particular case the plaintiff's rights have been jeoparded in any way. The plaintiff had once given his testimony and all the facts were known to his counsel who was accorded the fullest opportunity to state them in detail.

The judgment is affirmed.