FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. NILS JOHNSON, *Defendant in Error*.

## Opinion filed Nov. 23, 1915.

The statutes changing the rule of evidence as to the burden of proof and making contributory negligence a partial defence, confined to railroad companies, are applicable only to injuries caused by the running of locomotives or cars or other machinery by employees or servants engaged in that service, and will not be extended to apply to injuries done in the baggage room by improperly piling up trunks.

Writ of Error to Circuit Court, Duval County; Geo. Cooper Gibbs, Judge.

Judgment reversed.

*John E.* and *Julian Hartridge,* for Plaintiff in Error;

*R. P. Daniel, Jr.,* and *Lucien H. Boggs,* for Defendant in Error.

PER CURIAM.—This is the second appearance here of this case, see Johnson v. Florida East Coast R. Co., 66 Fla. 415, 63 South. Rep. 713, where we sustained a demurrer to a plea interposed by the railway company.

The action is based upon an alleged negligence of the defendant company, in so carelessly piling up the trunks on its platform as to cause one to fall upon the plaintiff while he was there rightfully as a passenger looking for his own baggage.

The only assignments of error we deem necessary to discuss are based upon the court's submitting to the jury the statutory presumption against the railway company, and making contributory negligence of the plaintiff but a partial defense. That these assignments are well taken, we think, is settled by our opinion in Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712.

We there held that these discriminatory statutes must be confined strictly to the operation of the railroad, in so far as it differs from other businesses in the particular dangers involved. We refused there to apply the statutes to an injury caused by a defective floor in the waiting room, and must also refuse to apply the statutes to an injury done on the baggage platform.

It is not altogether clear what the statute means in changing the ordinary burden of proof so as to make the harsher rule applicable to all "damage done by any person in the employ or service of such company," but in view of the constitutional limitations upon legislation, we are of the opinion that we must apply the maxim *noscitur a sociis* and construe the words with reference to what

precedes, and therefore hold that the employment or service mentioned is confined to that of running the locomotives, cars or similar machinery.

We find no such variance between pleading and proof as to call for comment.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.