The defendant appeals from a judgment in favor of the plaintiff in the sum of $7,500.
Plaintiff was a traveling salesman. On January 8th, 1935, he had been in New York City visiting customers and had had a few intoxicating drinks. Shortly after ten P.M. he boarded the defendant's train at Hoboken in order to go to his home in East Orange. It was admitted that he was a passenger and used the defendant's line from New York to East Orange two or three times a year. He seated himself in the smoking car, but shortly before the train arrived at Newark he found the car uncomfortable. Arising, he started to find a seat in the next car. However, he was thrown from the train, he said, while attempting to enter the second car — the trap and vestibule doors being open — and his left foot was crushed necessitating amputation. Strangely enough, he retained consciousness throughout the ordeal, and was soon found by the train crew on the roof of the Acme freight building a short distance below the rails to which point he had dragged himself. *Page 359 
The train on which the plaintiff was riding was equipped with trap and vestibule doors and when closed the platform was continuous. It appears that the side doors of the vestibule on the station side are kept open from Hoboken to Newark, although it was a simple matter to close them. After the train leaves Newark through the Oranges, the vestibule doors are kept open on the station side and closed on the opposite side therefrom. Some of the stations are on one side of the train while others are on the other. Plaintiff noticed the equipment and anticipated that the vestibule doors would be closed between stations as is usual on most trains. There was nothing to indicate that he was aware of the peculiar custom of failing to use the safety equipment provided from Hoboken to Newark.
Mr. Justice Parker, in speaking for this court in Potter v.Pennsylvania Railroad Co., 113 N.J.L. 441, said (at p.
444): "It is true as a practical matter that the vestibules of trains are largely for the very purpose of insuring against passengers being thrown off when passing from car to car. In fact, the custom is general of passing from car to car for any legitimate purpose * * *. We incline to say that the vestibule of a train, while not to be regarded as an invitation to a passenger to move around unnecessarily, is intended as a protection to a passenger having a legitimate reason for going from one car to another, as this man had if his story is to be believed; and that whatever may be said of the propriety of keeping the vestibules open on the side of the train toward the station, the jury could well say it was negligent to leave the vestibule open on the other side from the station." In the present case one side was open and the run between the stops consumed thirteen minutes.
We think that it is manifest that the issues in the present case were for the jury, and that the direction of a verdict in favor of the defendant railroad company would have been erroneous. Even if the evidence as to a jerk or lurch of the train was insufficient to take the case to the jury, still the failure to use the equipment designed for the protection of the passenger passing from car to car made the case one for the jury. Nor can it be said that as a matter of law that the *Page 360 
plaintiff assumed the present risk in passing from one car to another or was guilty of contributory negligence, when there was nothing to indicate that he knew that the equipment provided for his safety was not in use or would not be used. See the Potter case, supra. The violation of the statutory rule (R.S.
48:12-106) with respect to going upon the platform of a moving train does not bar recovery where the train has vestibule equipment designed for the safety of the traveling public.
We have carefully examined the other assignments of error and find that they are without merit, and need no further discussion.
The judgment appealed from is affirmed.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 14.
For reversal — None.