GEORGE S. WRIGHT, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ALYCE W. WRIGHT, DECEASED, PLAINTIFF-APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 27, 1939—Decided February 5, 1940.

114

For the plaintiff-appellant, *Louis C. Lehmann, Jr.*

For the defendant-respondent, *William H. Hanlon.*

The opinion of the court was delivered by

HAGUE, J. This is plaintiff's appeal from a judgment entered upon a directed verdict for the defendant in the Union Circuit, Supreme Court. The action was brought by the administrator *ad prosequendum* of the decedent, Alyce W. Wright, for her death. She met her death by falling from the moving railroad train of the defendant.

The decedent, at the time of the accident, was a passenger on a train of the Central Railroad between the borough of Roselle and Jersey City. The testimony shows that she was seated in the forward part of the car talking to a friend and that both were on their way to business in New York City; they occupied seats in the fourth coach; the train was made up of vestibule cars. It appears that the decedent, without saying anything to her companion concerning her intention, arose from her seat, put down her handbag, newspaper, gloves and whatever else she was carrying, and walked towards the vestibule. This testimony was from Miss Otilie E. Stamm, the woman with whom the decedent was sharing a seat, who further testified that the next thing she saw was the body of the deceased hurtling through the air. The door of the vestibule car was open.

The point argued as a ground for reversal is that the trial court erred in directing a verdict for the defendant.

The plaintiff's case was grounded on the theory that the defendant was negligent in the operation of its train; and in the complaint it is alleged that the defendant neglected

to operate and control its locomotives and cars in a careful and prudent manner at a reasonable rate of speed; failed and neglected to keep and maintain its tracks, roadbeds, rails and switches in a safe condition; failed and neglected to give due regard to the condition of the roadbed; failed and neglected to have sufficient trainmen on the train to provide for the safety of the passengers; failed to provide a safe place for passengers to walk from one car to another; neglected to have the doors closed while the train was in motion. A careful examination of the evidence discloses that none of these charges of negligence was proved. The evidence did not indicate that the speed was abnormal. The witness, Miss Stamm, said that the accident happened after they had passed a "bump," referring to the fact that the roadbed did not seem to be smooth at one particular point, but she also said that when the plaintiff's decedent fell from the train, it had already passed over the "bump."

The appellant argues that the issue here is within the rule laid down by this court in *Potter* v. *Pennsylvania Railroad Co.*, 113 *N. J. L.* 441; 174 *Atl. Rep.* 734, and *Holle* v. *Delaware, Lackawanna and Western Railroad Co.*, 122 *N. J. L.* 358; 5 *Atl. Rep.* (*2d*) 874. In the former case all of the vestibule doors were open on the westerly side of the train. A fact situation, somewhat similar, existed in the Holle case. In each of these cases the plaintiff lived and testified at the trial as to the facts surrounding the happening of the accident. In this case we have only the testimony of Miss Stamm who says that before the decedent left her seat to go forward to the vestibule she "knew definitely" that the vestibule door was open at least two or three minutes before the accident and explained that she heard footsteps "coming into the vestibule and a noise which a vestibule makes, if you know the vestibule type of train, you know the clang that it makes when it opens, and I heard that prior to the time she left her seat. I did not see anybody. I don't know whether it was a passenger or the conductor." At another point in her testimony the witness said that she did not know definitely *when* the vestibule door or the trapdoor was open, or who opened it.

Our opinion is that to have let the case go to the jury would have been to permit them to indulge in speculation for there was no evidence of negligence. If it be urged, as it is, that there was testimony about a bump or unevenness in the rails along the right of way, and that this was *some* evidence of negligence, we are of the view that there was no testimony connecting the accident with the bump and that in any event the "scintilla" rule does not obtain in this state. *Pellington* v. *Erie Railroad,* 115 *N. J. L.* 589, 592; *Schmidt* v. *Haines, Id.* 271, 278; 178 *Atl. Rep.* 801 (at *p.* 804). See, also, *Baldwin* v. *Shannon,* 43 *N. J. L.* 596, the opinion in which says, "The power of a judge to order a nonsuit or direct a verdict does not depend upon the absence of all testimony in opposition to the case in favor of which the ruling is made, but the test is whether there is any testimony from which the jury could reasonably conclude that the facts sought to be proven are established." There was no evidence of negligence in the present case for the jury's consideration.

The action of the trial court in directing a verdict was correct and is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CASE, BODINE, HETFIELD, DEAR, WELLS, HAGUE, JJ. 9.

*For reversal*—DONGES, HEHER, PERSKIE, PORTER, WOLFS-KEIL, RAFFERTY, JJ. 6.