## READING CO. v. VAN NESS.

### No. 7296.

Circuit Court of Appeals, Third Circuit.

June 17, 1940

Floyd H. Bradley and French, Richards & Bradley, all of Camden, N. J., for appellant.

Albert S. Woodruff, of Camden, N. J., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

William P. Van Ness, the appellee, recovered a judgment against Reading Company, the appellant, for injuries sustained when he was thrown from a train operated by the appellant as it approached the station at Hopewell, New Jersey. The appeal at bar is from that judgment. The pertinent facts are as follows.

The accident occurred shortly after seven o'clock upon a January night. The appellant's train proceeded as an express to West Trenton and was operated beyond that point toward New York as a local, making frequent stops. The appellee had twice before ridden from Philadelphia to Hopewell upon the Reading Company's line. At the time of the accident the appellee was sixty-eight years old, seemingly in excellent health. As a matter of fact he testified that he supported himself by breaking in horses unaccustomed to city traffic for a Philadelphia dairy company. Upon the night in question he rode from Philadelphia in the smoking car of the train and when the conductor called Hopewell he walked through the combination passenger-baggage car in which he was riding and out upon its rear platform. The vestibule door was open and the trap covering the steps upon the station side was open. There was no trainman guarding the platform. The appellant went down the steps of the car "a couple of steps" according to his own testimony, to ascertain if the train was still moving. At this time he was carrying a bag of oranges, a box of candy and a newspaper and was smoking a cigar. With his left hand he grasped the guard rail leading down the steps. The train was just outside of Hopewell station and was moving at a speed in excess of thirty miles an hour. For some reason, perhaps because the engineer applied his brakes unevenly, the train made an unusually severe lurch and the appellee was thrown to the road bed, sustaining the injuries complained of. There was evidence that it was the practice of the company to keep the vestibule side doors and traps upon the side of the cars from which the passengers would alight open between local stops made by the train after leaving West Trenton. The rules of the company also required a trainman to guard an open vestibule.

Upon consideration of the foregoing we conclude that there was sufficient evidence to enable the jury to find that the appellant was guilty of negligence in operating its train in the manner indicated. We conclude, however, that the learned trial judge should have declared that the appellee was guilty of contributory negligence as a matter of law and should have directed a verdict for the appellant. It appears clearly that the appellee, carrying several packages and while the train was still in motion, walked down the steps of the car in order to ascertain whether or not it was moving. In other words, he walked down the steps without knowing if the train had stopped. He was clearly negligent in doing so, and subjected himself to the specific danger of being thrown from the train if it lurched in such a way that he could no longer retain his balance.

The appellee relies upon the cases of Potter v. Pennsylvania R. Co., 113 N.J.L. 441, 174 A. 734, and Holle v. Delaware L. & W. R. Co., 122 N.J.L. 358, 5 A.2d 874. Both cases are very similar in circumstances. In the latter case, Holle was thrown from the platform of a moving train and was injured. In violation of a statutory rule (R.S.1937, 48:12–106, N.J.S.A. 48:12–106) he had gone out upon the platform of a vestibule car, a door and trap of which had been left open, and was thrown from the car by the motion of the train. The Court of Errors and Appeals, citing with approval the opinion of Justice Parker in the Potter case, held that the issue presented was for the jury since the railroad company had failed to use the equipment designed for the protection of the passengers, the vestibule door and the trap of the vestibule door having been left open between stops. The circumstances of the case at bar are clearly distinguishable from those of the cited cases, for here the appellee went down the steps of the moving train not knowing whether it had stopped. In our opinion the case of Randall v. Boston Revere Beach & Lynn R. Co., 289 Mass. 241, 193 N.E. 829, decided by the Supreme Judicial Court of Massachusetts, cannot be distinguished upon its facts from the case at bar. We conclude therefore, that the general principle of Zelman v. Pennsylvania R. Co., 93 N.J.L. 57, 107 A. 442, affirmed, Zelman v. Director General of Railroads, 94 N.J.L. 283, 109 A. 348, is applicable. In the cited case the plaintiff stepped off a moving train, believing it had stopped. She was held guilty of contributory negligence and her recovery barred. Justice Trenchard cited with approval three Massachusetts cases and in fact based his decision largely upon them. In view of this fact we may assume Randall's case expresses the law as it would be found by a New Jersey court under the circumstances presented by the case at bar.

Accordingly, the judgment of the court below is reversed, and the cause is remanded, with directions to enter judgment for the appellant.