AZZALEE HARVIN and her husband EDWARD HARVIN v. W. R. KENAN, JR., and S. M. LOFTIN, as Receivers of Florida East Coast Railway, a corporation.

EDWARD HARVIN v. W. R. KENAN, JR., and S. M. LOFTIN, as Receivers of Florida East Coast Railway, a corporation.

26 So. (2nd) 668                                    June Term, 1946
June 11, 1946                                              En Banc

*Horn & Ossinsky,* for appellants.

*Hull, Landis, Graham & French,* and *Russell L. Frink,* for appellees.

ADAMS, J.:

Appellant sued for injuries sustained by her while a passenger on appellee's railroad. The lower court held her declarations bad and entered a judgment against her from which she appeals.

The basis of her action is that she took passage in a day coach from Delray Beach to Daytona Beach, arriving at her destination in the early morning while it was dark. When the train approached Daytona Beach she was aroused from sleep by the porter who informed her that Daytona Beach was the next stop. She proceeded to the vestibule to alight and found the gang plank up and the door open. Thinking the train had stopped, she stepped off and was thrown under the train and was injured seriously. She specifies negligence in the opening of the door and the raising of the gang plank, without providing a guard, before the train came to a stop. She also alleges that " . . . it was then the duty and custom of the defendant to keep the gang plank down and the vestibule door closed until the train had come to a full stop; . . ."

First we consider the question of actionable negligence. No action will lie in the absence of negligence on the part of the railroad company or its agents. For the negligence to be actionable there must be a causal connection between the negligence and the injury. Sec. 768.06, F.S. 1941, F.S.A., reads:

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the plaintiff and the agents of the company are both at fault, the former may recover, but the amount of recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant."

The elements of actionable negligence were clearly enunciated by us in Florida East Coast Railway Company v. Wade, 53 Fla. 620, 43 So. 775. It was held in Gayle's Administrator v. Louisville & Nashville Railroad Company, 163 Ky. 459, 173 S. W. 1113, that it was not negligence to announce the station before the train arrived and the opening of the doors did not constitute an invitation to alight before the train came to a stop. See Zelman v. Pennsylvania Railroad Company, 93 N.J.L. 57, 107 Atl. 442.

A railroad company is held to a high degree of care for the safety of its passengers but this duty does not relieve the passenger of exercising a reasonable degree of care for his own safety. The passenger, in possession of his normal faculties, is expected to know when the train is in motion. It does not appear in this case that the train was operated in an unusual or careless manner.

On the claim of custom to keep the gang plank down and the door closed until the train stopped, we must hold against appellant. The meager allegation of this phase of the case falls far short of the required elements to fix liability. See 25 C.J.S., page 76.

The judgments are affirmed.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

BUFORD, J., dissents.