PEARSON, Judge.
Appellant was the plaintiff below in an action for personal injuries. Liability was admitted prior to trial and the jury’s verdict was for the plaintiff in amount of $750. The trial judge denied plaintiff’s motion for a new trial and this appeal followed. The plaintiff grounded his motion for a new trial, and assigns as error, the action of the trial judge in withdrawing from the jury’s consideration the issue of damages for alleged permanent injury as being unsupported by the evidence. A careful review of all the evidence reveáis that the ruling assigned was not error.
The burden is upon the plaintiff, claiming permanent injury, to offer evidence sufficient to raise a reasonable probability that permanent injury exists as a proximate result of the accident which is the subject of the action before the court. Stores v. Hussey, Fla.App.1959, 100 So.2d 649; cf. William Penn Hotel v. Cohen, Fla.App.1958, 101 So.2d 404.
In the instant case we have successive injuries and there was no evidence upon which a jury of reasonable men could have assigned permanent injury to the last accident. Before liability for negligence can arise, it is necessary that a causal relation should be shown to exist between the damage and the act alleged to have occasioned it. Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 So. 209, 24 L.R.A.,N.S., 134; Harvin v. Kenan, 157 Fla. 603, 26 So.2d 668.
Arguing facts not in evidence or not warranted from the evidence is not permitted in trial courts of this state. Although counsel is allowed a broad latitude in presenting his case to the jury, he should at all times confine his argument to the evidence and issues presented, with the logical deductions therefrom. Alford v. Barnett Nat. Bank of Jacksonville, 137 Fla. 564, 188 So. 322, 329.
The trial judge was correct in refusing argument upon permanent injury, for, if the jury had returned a verdict for permanent injury, it would have been based upon pure speculation.
Affirmed.
CARROLL, CHAS., C. J,, and HORTON, J., concur.