113 So.2d 566 (1959)
Julia N. McWHORTER, Appellant,
v.
Billye Goldsmith CURBY et al., Appellees.
No. 921.
District Court of Appeal of Florida. Second District.
July 10, 1959.
Raymond Sheldon, J. Clifford Cheatwood, Sheldon, Cheatwood & Borden, Tampa, for appellant.
Stewart C. Eggert, Ralph C. Dell, Allen, Dell, Frank & Trinkle, Tampa, for appellee, Atlantic Coast Line Railroad Company.
*567 ALLEN, Chief Judge.
This appeal is from an order of the lower court granting the motion of the Atlantic Coast Line Railroad Company to dismiss the third amended complaint which had been filed against it.
The appellant, plaintiff below, brought an action for personal injury against her host driver, the driver of the other vehicle involved in the collision of the two vehicles, and the Atlantic Coast Line Railroad Company.
The third amended complaint was in four counts, the first count sought damages against the host driver; the second count was against the driver of the colliding vehicle; the third count was against the Atlantic Coast Line Railroad Company; and the fourth count sought relief from each and all of the defendants. As stated above, this appeal involves only the order dismissing the third count of the third amended complaint against the appellee, Atlantic Coast Line Railroad Company. The railroad moved to dismiss the third count of the complaint on the ground that it failed to state a claim of action and that the negligence of the railroad, if any, was not the proximate cause of the accident.
The third count alleged that the railroad track intersected and crossed Cypress Street at the intersection of Rome Avenue and Cypress Street; that the Atlantic Coast Line Railroad negligently, carelessly and recklessly parked a railroad freight car at or near the northwest corner of said intersection in such a manner and position as to obstruct and obscure a clear view of said intersection; that said box car was so parked as to completely obscure the traffic control present at said intersection to traffic lawfully traveling in a southerly direction on Rome Avenue; that the particular box car completely obstructed the stop sign from the view of south bound traffic on Rome Avenue; that such act was in violation of the city ordinance of Tampa, Florida, a copy of which ordinance was attached to plaintiff's Exhibit "A"; and that the placing of the box car in such a manner as to obstruct the traffic control sign was the direct and proximate cause, or concurred with the negligence of the other defendants, as set forth in counts one and two, so as to cause an accident between an automobile in which the plaintiff was a passenger and an automobile driven by the defendant, Eric L. Myers, and the Atlantic Coast Line Railroad Company in so placing the box car knew, or should have known, that an accident was likely to occur as a result of obstructing the said stop sign.
It will be observed that the pleader stated in the third count that the negligence of the railroad concurred with the negligence of the other defendants, as set forth in counts one and two, so as to cause the accident involved in this case. Therefore, it is necessary that the allegations of count one and count two be studied in order to determine whether count three alleged any negligence that was a contributing part of the negligence of Billye Goldsmith Curby, the host of the plaintiff, and Eric L. Myers, who was operating the automobile that collided with the car in which the plaintiff was riding.
Count one of the third amended complaint alleged that the plaintiff was a passenger and guest in an automobile being driven by Billye Goldsmith Curby in a southerly direction on Rome Avenue at its intersection with Cypress Street, and that the said intersection was protected by traffic control in the form of a stop sign governing traffic on Rome Avenue, and that Billye Goldsmith Curby operated her automobile in such a grossly negligent and careless manner, driving in excess of the lawful speed limit, she ignored the traffic control present at said intersection and proceeded into said intersection without coming to a stop as required by law; that *568 said Billye Goldsmith Curby knew, or should have known, of the stop sign at said intersection and that Cypress Street is a heavily travelled through street, but, nevertheless, she proceeded on into the intersection at an excessive rate of speed and caused her automobile to be involved in a collision with an automobile being driven by the defendant, Eric L. Myers; that said intersection was a "blind intersection" for traffic travelling south on Rome Avenue in that there were certain obstructions on the northwest corner of said intersection whereby traffic travelling south on Rome Avenue could not see to the west in order to determine whether or not there was oncoming traffic from that direction on Cypress Street and that Billye Goldsmith Curby operated her automobile into the said through street in complete disregard of the traffic laws of Tampa, Florida and of the traffic control present thereat.
Count two alleged that Eric L. Myers was operating an automobile so negligently and carelessly as to cause his automobile to collide with the automobile in which the plaintiff was a passenger, which was proceeding in a southerly direction on Rome Avenue at its intersection with Cypress Street, and as a direct and proximate result of the negligence of the defendants, or the concurrence with the negligence of the other defendants set forth in count one and count three, the plaintiff was injured.
It is clear that the negligence if any, of the Atlantic Coast Line Railroad Company in leaving a railroad box car on its tracks is not shown by the third count of the third amended complaint to be the proximate cause of the collision and injury of the plaintiff. Negligence is not actionable unless there is a causal connection between such negligence and the injury for which relief is sought. Florida Cent. & P.R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Hall v. Western Union Tel Co., 59 Fla. 275, 51 So. 819, 27 L.R.A.,N.S., 639; and Harvin v. Kenan, 157 Fla. 603, 26 So.2d 668.
The Florida Supreme Court, in Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26, 27, said:
"If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as the proximate cause of the injury, even though the injury might not have occurred but for the original negligence. * * * A proximate cause produces the result in continuous sequence, and without which the result would not have occurred."
See also 38 Am.Jur., Negligence, § 72, pp. 729, 730.
In this case the litigation arose out of a collision between two automobiles. Therefore, the Presumption and Comparative Negligence Statutes are not involved. See Seaboard Air Line Railroad v. Rentz & Little, 60 Fla. 449, 54 So. 20; Florida East Coast R. Co. v. Johnson, 70 Fla. 422, 70 So. 397; and Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741.
A study of the complete record convinces this court that the lower court was correct in sustaining the motion of the Atlantic Coast Line Railroad Company to dismiss the third count of the third amended complaint.
Affirmed.
SHANNON, J., and MURPHREE, JOHN A.H., Associate Judge, concur.