WALTER C. SPOONER, as Guardian, etc., Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Where an action to recover damages for injuries to an infant, alleged to have been caused by defendant's negligence, was brought in the name of the guardian *ad litem*, instead of in the name of the infant, by guardian, and the objection that it was not brought in the name of the real party in interest was not taken by demurrer or answer, *held*, it must be deemed to have been waived and could not be raised on trial; and that the trial court was justified in construing the complaint as setting out a cause of action in the name and on behalf of the infant, appearing by her guardian.

In such an action against a railroad company, the complaint, after averring that defendant was operating a railroad, which crossed a highway, alleged that the infant "had her foot fastened between the rail and the planks at the crossing belonging to such railroad; that she was run down by one of defendant's engines; that the arrangement of the plank was defective," etc. The answer denied the defective arrangement, but did not deny the ownership of the plank-crossing. It appeared that the railroad was constructed and operated before the highway was laid out. Defendant claimed that, in the absence of any statutory provision of the state of New Jersey, within whose territory the accident happened, it must be presumed that the duty of making and maintaining the highway was upon the highway authorities, not on defendant. *Held*, untenable; as the pleadings raised no issue over the ownership of the crossing.

It appeared that the plank, between which and the rail the foot of the infant was caught, was new; it was laid parallel with the rail, and two and one-half inches therefrom; the edge toward the track was straight. The other planks at the same crossing had their inner edges beveled off, so that while at the bottom the planks touched the rails the flanges of the car wheels had room to pass, and no opening was left in which a foot

could be caught. There was also testimony of a similar mode of construction at many other crossings, and that it was uniformly used on some other railroads, although many retained the straight edges. *Held,* that, while it appeared that such an accident had never before occurred in the history of the company, its possibility was quite obvious, and that a submission of the question of defective construction to the jury was not error.

Plaintiff's testimony was to the effect that at the time of the accident she came to the track to see a train go by, which was then at a station about half a mile distant, and plainly in sight as she approached the track. She found some small children playing about the rails; she told them to get off the track, and they not heeding her warnings, she stepped upon it to make them get out of the way, when her foot was caught between the plank and the rail. *Held,* that plaintiff was not a trespasser, and was not chargeable with negligence in thus going upon the track.

Plaintiff testified that when she found her foot caught she waved her hands wildly as a signal to the engineer of the approaching train. The engineer testified that he saw a small child upon the track waving her hands and not stepping aside, as he passed a bridge, eight hundred and fifty-four feet distant from the scene of the accident. He applied the brakes when about three hundred and sixty feet distant, and stopped the train just as the hind wheels of the engine had passed over the imprisoned foot. *Held,* that the evidence justified a submission to the jury of the question as to the engineer's negligence.

The court charged that an engineer may prudently assume that persons on the track will step off as the train approaches, and is not negligent in acting upon that assumption, except when they are "persons apparently not capable of taking care of themselves, such as very young children and persons lying helpless on the track." *Held,* no error.

(Argued April 25, 1889; decided June 24, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 29, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Hamilton Odell* for appellant. The motion for a nonsuit should have been granted, as the action was improperly brought in the name of the guardian *ad litem,* and the error is one that cannot be cured by amendment. (Code, §§ 449,

468, 499, 1910; *Anon.,* 2 Hill, 417; *Darrin* v. *Hatfield,* Selden's Notes, 38; *Millink* v. *Collier,* 14 Jurist, 621; *Brown* v. *Hull,* 14 T. R. 673; *Jarvis* v. *Boyd,* 5 Porter [Ala.] 388; *Edsell* v. *Vandemark,* 39 Barb. 589; *Buckley* v. *Van Wyck,* 5 Paige, 537; *Hyatt* v. *Seeley,* 11 N. Y. 50; *Litchfield* v. *Burwell,* 5 How. 341; *People* v. *N. Y. Common Pleas,* 11 Wend. 166; *Burnet* v. *Bookstaver,* 10 Hun, 481, 484; *Fuller* v. *Webster Ins. Co.,* 12 How. 293; *Abbott* v. *Jewett,* 25 Hun, 603; *Barnes* v. *Perrine,* 9 Barb. 202; *Pomroy* v. *Sperry,* 16 How. 211; *Travis* v. *Tobias,* 8 id. 333; *Phillips* v. *Melville,* 10 Hun, 211; *N. Y. S. etc., Assn.* v. *Remington Works,* 89 N. Y. 22; *Bassett* v. *Fish,* 75 id. 304; *Shaw* v. *Cock,* 12 Hun, 176; 78 N. Y. 194; *Griswold* v. *Watkins,* 20 Hun, 114: *Van Cott* v. *Prentice,* 104 N. Y. 57; *Davis* v. *Mayor, etc.,* 14 id. 527; *McGarry* v. *Supervisors,* 7 Robt. 464.) There was a total absence of proof that the crossing was in a defective or unsafe condition. (*Payne* v. *T. & B. R. R. Co.,* 83 N. Y. 572; *Cuddeback* v. *Jewett,* 20 Hun, 187.) A railway company is not required to exercise the high degree of diligence towards a traveler on a highway that is due from it towards a passenger. (*Brand* v. *T. & S. R. R. Co.,* 8 Barb. 380; *Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 N. Y. 292; *People* v. *N. Y. C. R. R. Co.,* 74 id. 302; *People* v. *T. & B. R. R. Co.,* 83 id. 572; *McPhillips* v. *N. Y. & N. H. R. R. Co.,* 12 Daly, 369.) As no accident of this sort had ever before been reported to the defendant, there was no reason for apprehending that such an accident would occur. This rule must determine the defendant's negligence. (*Dougan* v. *C. T. Co.,* 56 N. Y. 7; *Crocheron* v. *N. S. R. R. Co..* Id. 656; *Sutton* v. *N. Y. C. R. R. Co.,* 66 id. 248; *Cleveland* v. *N. J. S. Co.,* 68 id. 310; *Loftus* v. *U. F. Co.,* 84 id. 460; *Lafflin* v. *B. & S. R. R. Co.,* 106 id. 136.) The defendant, if bound to maintain the crossing, was bound to provide against only such dangers as could be reasonably anticipated or naturally expected to occur. (*Carpenter* v. *B. & A. Co.,* 24 Hun, 108; *Putnam* v. *Broadway Co..,* 55 N. Y., 113; *Gavin* v. *Chicago,* 97 Ill.

66.) The engineer, in the management of the train, was in no respect wanting in the exercise of due and proper care. (*Chrystal* v. *T. & B. R.'R. Co.*, 105 N. Y. 164; *Booth* v. *B. & A. Co.*, 67 id. 593; *Black* v. *Brooklyn City Co.*, 108 id. 640; *Algur* v. *Gardner*, 54 id. 360; *Palmer* v. *Kelly*, 56 id. 637; *Cleveland* v. *Steamboat Co.*, 89 id. 627.) An engineer who sees before him on the track a person apparently capable of taking care of himself, has a right to presume that such person, on due notice, will leave the track if there be opportunity to do so. (Whart. on Neg. 389; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 426.) The engineer was not bound to stop his train or slacken his speed as soon as he discovered the plaintiff upon the track, but had a right to assume that she would get out of the way and act accordingly. (*Chrystal* v. *T. & B. R. R. Co.*, 105 N. Y. 164; *P. R. R. Co.* v. *Morgan*, 82 Pa. 134; Beach on Con. Neg. 69, § 68; *Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 468.) When the charge of a judge has a tendency to make an erroneous impression upon a jury, and to mislead them in their views of the case, a new trial will be granted. (*Benham* v. *Cary*, 11 Wend. 83; *People* v. *Dimick*, 41 Hun, 617; *Duche* v. *Wilson*, 37 id. 521; *Canfield* v. *B. & O. Co.*, 46 Super. Ct. 243; *Chapman* v. *E. R. Co.*, 55 N. Y. 579; *Stokes* v. *People*, 53 id. 165; *Meyer* v. *Clark*, 45 id. 289.) The court erred in refusing to charge that plaintiff had no right upon the railroad track except the right to cross the same in passing along the public street or avenue. (*Kelley* v. *Mich. Cent. Co.*, 31 N. W. Rep. 904.) A railroad track is a place of danger, and is, *per se*, notice of the fact. (*Wilds* v. *H. R. Co.*, 24 N. Y. 440; *Stubley* v. *N. & W. Co.*, L. R., 1 Exch. 13; Laws of 1850, chap. 140, § 44; *Mulherrin* v. *D. R. R. Co.*, 81 Penn. 366; *Cauley* v. *P. C. & St. L. R. R. Co.*, 95 id. 398; *Bancroft* v. *B. & W. R. R. Co.*, 97 Mass. 278; *T. H. & I. Co.* v. *Graham*, 95 Ind. 286; *McCarty* v. *D. & H. C. Co.*, 17 Hun, 75; *Tonawanda Co* v. *Munger*, 5 Denio, 266; *Elwood* v. *N. Y. Cent. R. R. Co.*, 4 Hun,

808; *B. & O. R. R. Co.* v. *Schwindling*, 101 Penn. 258; *Mason* v. *M. P. R. R. Co.*, 27 Kans. 83; *Moore* v. *Penn. R. R. Co.*, 99 Pa. 301; *Kay* v. *Penn. R. R. Co.*, 65 id. 269; *Prendegast* v. *N. Y. C. R. R. Co.*, 58 N. Y. 653; *Morrissey* v. *Eastern R. R. Co.*, 126 Mass. 377; *Kelley* v. *Mich. Cent. R. R. Co.*, 31 N. W. Rep. 904; *Richards* v. *Enfield*, 13 Gray, 346; *Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502.) A plaintiff's contributory negligence will not defeat a recovery, provided the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him. (*Healey* v. *Dry Dock Co.*, 46 Super. Ct. R. 481; *Button* v. *H. R. R. R. Co.*, 18 N. Y. 259; Shear. & Redf. on Neg. [4th ed.] § 99; *Beems* v. *Chicago R. R. Co.*, 6 Am. and Eng. R. R. Cas., 225.) The court further erred in refusing to charge that the absence of a flagman is a circumstance of no moment in this case, and not to be considered in determining the question of the defendant's negligence. (*Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 14; *McGrath* v. *N. Y. C. R. R. Co.*, 59 id. 472; *Houghkirk* v. *D. & H. C. Co.*, 92 id. 227; *Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 id. 427.) No duty rested on the defendant to provide a suitable or safe walk at the Greenwood avenue crossing. (Laws of 1853, chap. 62; *A. etc., R. R. Co.* v. *Brownell*, 24 N. Y. 345.) Unless so required by statute, a railroad company is not chargeable with making or maintaining a crossing where the highway is laid out after the building of the railroad. (*N. C. R. R. Co.* v. *Baltimore*, 46 Md. 425.)

*Asa W. Tenney* for respondent. The defendant's motion to dismiss the complaint on the ground that the plaintiff was not the real party in interest was properly denied. (*Homer* v. *State Bk.*, 48 Am. Dec. 355.) The objection was waived. It should be taken by answer. (Code, §§ 498, 499; *Smith* v. *Hall*, 67 N. Y. 50.) It should have been set up *quasi* in abatement. (*White* v. *Miller*, 7 Hun, 433.) Walter C. Spooner is in no sense plaintiff. As guardian for the suit of Ethel A. Spooner, he is a pure legal creation; and if such crea-

tion had not legal capacity for this suit, as brought in behalf of the infant, then demurrer was the remedy. (Code of Civil Pro. §§ 498, 499; *Town of Pierrepont* v. *Lovelass,* 4 Hun, 696; *Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y. 648; *People* v. *Met. Tel. Co.,* 31 Hun, 599; *Seaton* v. *Davis,* 1 T. & C. 93; *Buggott* v. *Boulger,* 2 Duer, 170, 171; *Hobart,* v. *Frost,* 5 id. 672; *Secor* v. *Pendleton,* 47 Hun, 281; *Smith* v. *Levinus,* 8 N. Y. 472.) Defendant answered to the merits. (*McMurray* v. *McMurray,* 9 Abb. [N. S.] 320; *Quintard* v. *Newton,* 5 Robt. 79; *Sere* v. *Coit,* 5 Abb. 481; *Bank of Havana* v. *Magee,* 20 N. Y. 355.) This action was brought by Ethel A. Spooner, Walter C. Spooner simply asserting her rights for her, as ordered. (*Neftel* v. *Lightstone,* 77 N. Y. 99; *Clay* v. *Baker,* 41 Hun, 58; 2 Van Santvoord's Pleadings, 472; *Beers* v. *Shannon,* 73 N. Y. 292, 297; *Bingham* v. *M. N. Bk.,* 112 N. Y. 661; *Stanley* v. *Chappell,* 8 Cow. 235; *Grantman* v. *Thrall,* 44 Barb. 173; *Knickerbocker* v. *De Forest,* 2 Paige, 404; *Buckley* v. *Van Wyck,* 5 id. 536; *Leggett* v. *Sellon,* 3 id. 84.) Pleadings are construed with a view to substantial justice. (Code, § 519; *Wright* v. *Wright,* 54 N. Y. 443; *Bowe* v. *Wilkins,* 105 id. 322; *St. John* v. *Northup,* 23 Barb. 26; *Clark* v. *Crego,* 51 N. Y. 646; *Rector* v. *Clark,* 78 id. 28; *Mackey* v. *Auer,* 8 Hun, 180; *Miller* v. *White,* 8 Abb. [N. S.] 46.) The verdict cures a mistake in the name of a party where the correct name has once been stated in any of the proceedings. (Code, § 721, subd. 7, 9, § 723; *Wright* v. *Hooker,* 10 N. Y. 59; *Connaughty* v. *Nichols,* 42 id. 86; *Sayre* v. *Frazer,* 47 Barb. 26.) The Court of Appeals will disregard the mistake, or order an amendment to sustain the judgment. (Code, § 722; *Haddow* v. *Lundy,* 59 N. Y. 328; *Bate* v. *Graham,* 11 id. 237; *Lounsberry* v. *Purdy,* 18 id. 521; *Bank of Havana* v. *Magee,* 20 id. 355; *Pratt* v. *Hud. R. R. R. Co.,* 21 id. 305, 313; *Risley* v. *Wightman,* 13 Hun, 164; *Trustees* v. *Robinson,* 21 N. Y. 234; 19 Q. B. Div. 29; 36 Alb. L. Jour. 101.) The court properly left it to the jury to say whether the infant, under the circumstances, acted as a prudent and

reasonable person. (*Casey* v. *N. Y. C. & H. R. R. R. Co.*, 6 Abb. N. C. 104; 78 N. Y. 518; *Sherry* v. *N. Y. C. and H. R. R. R. Co.*, 104 id. 652; *Birkett* v. *K. Ice Co.*, 110 id. 504.) Plaintiff was no trespasser. (*Eckert* v. *L. I. R. R. Co.*, 43 N. Y., 502, 505; *Healey* v. *D. D., etc., R. R. Co.*, 46 Superior Court, 433; *Murphy* v. *Orr*, 96 N. Y. 14; *Bucher* v. *N. Y. C., etc., R. R. Co.*, 98 id. 128; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 67; *Byrne* v. *N. Y. C., etc., R. R. Co.*, 83 id. 620; *Moebus* v. *Herrman*, 108 id. 349.) A nonsuit should not be granted for contributory negligence unless such negligence is conclusively established by evidence which leaves nothing either of inference or effect in doubt or to be settled by a jury. (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464; *Thurber* v. *H. B., etc., R. R. Co.*, 60 id. 326.) It is the duty of a railroad to construct its crossings in the manner to insure the greatest safety to those using them, and to use the best known means to that end. (*Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212.) There was no negligence on the part of parent or person having the care and charge of plaintiff. (*Cumming* v. *B. C. R. R. Co.*, 104 N. Y. 669; *Oldfield* v. *N. Y. & H., etc., R. R. Co.*, 14 id. 310; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317; *McGarry* v. *Loomis*, 63 id. 104; *Kunz* v. *City of Troy*, 104 id. 344.) She had a right to be where she was. (*Murphy* v. *Orr*, 96 N. Y. 14; *Birkett* v. *K. Ice Co.*, 110 id. 504.) The question of contributory negligence is for the jury when there is any evidence. (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419.) That question having here been rightly left to them, it cannot now be inquired into. (*Morrell* v. *Peck*, 88 N. Y. 398; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317.) The evidence in this case required its submission to the jury. (*Hart* v. *H. R. B. Co.*, 80 N. Y. 623.) The law required the defendant to keep its crossings in good repair. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594.) The evidence of the negligence of the engineer requires this verdict to stand, outside of the question

of the negligent construction of the planking. (*Steele* v. *Prest.,
etc., L. Nav. Co.,* 2 Johns. 282; *Phetteplace* v. *Steele,* Id. 442 ;.
*Edwards* v. *Reynolds,* Hill & Denio Supp. 53.)  A general
verdict settles in favor of the prevailing party every litigated
question of fact.  ( *Wolfe* v. *Goodhue Fire Ins. Co.,* 43 Barb.
400; *Ebersole* v. *North Cent. R. R. Co.,* 23 Hun, 117 ; Code,
§§ 1186, 1187.)  If the jury's conclusion may be justified by
any interpretation of the evidence, it cannot be impeached.
(*Murray* v. *N. Y. L. I. Co.,* 96 N. Y. 614.)  Where there
are questions for the determination of the jury, and its verdict
has been approved by the trial judge and the General Term,
this court will not interfere therewith.  (*Kenney* v. *City of
Cohoes,* 100 N. Y. 623 ; *Goodfellow* v. *Mayor, etc.,* Id. 15 ;
*Bigelow* v. *Legg,* 102 id. 652.)  The absence of a flagman is·
a fact which the jury have a right to consider as a circum-
stance calling for greater care on the part of the engineer in
approaching the crossing.  (*Houghkirk* v. *D. & H. C. Co.,*
92 N. Y. 227.)  Even if there were a technical trespass, it
was the duty of the defendant to exercise diligence and care·
to avoid the loss of life.  (*Remer* v. *L. I. R. R. Co.,* 36 Hun,
255; *Crystal* v. *T. & B. R. R. Co.,* 22 Week. Dig. 551 ;
*Clifford* v. *Dam,* 81 N. Y. 56 ; *Kenyon* v. *N. Y. C. & H. R.
R. R. Co.,* 5 Hun, 480.)  A railroad company should exercise
care proportionate to the impending danger and the probabil-
ities of collision.  It must govern itself by actual facts.  Having
no flagman is not necessarily negligent; it is, or°is not, accord-
ing to the circumstances.  (*Card* v. *N. Y. & H. R. R. Co.,*
50 Barb. 39 ; *Caldwell* v. *N. J. S. Co.,* 47 N. Y. 282.)  The·
plaintiff was not guilty of contributory negligence.  She
had a right to go toward and upon the track in order to protect
other children smaller than herself from the approaching train.
(*Eckert* v. *L. I. R. R. Co.,* 43 N. Y. 502, 505.)  Where the
court has· made a full and fair charge, laying down the general
propositions of law controlling the case, it is within his discre-
tion, and he may ordinarily refuse to go further.  (*Rexter* v.
*Starin,* 73 N. Y. 601; *Raymond* v. *Richmond,* 88 id. 671.)
If the charge, as a whole, conveyed to the jury the correct·

rule of law on a given question, the judgment will not be reversed. (*Caldwell* v. *N. J. S. Co.*, 47 N. Y. 286, 287.)

Finch, J. This action was for negligence, and resulted in a verdict against the defendant of $20,000. The General Term, which had authority to consider and question its amount, has affirmed it; and our duty is confined to the inquiry whether any errors of law require its reversal.

1. At the close of plaintiff's case the defendant moved to dismiss the complaint upon the ground that the action was not brought in the name of the real party in interest. The motion was denied and there was an exception. No such objection had been taken by demurrer or answer. If it was apparent upon the face of the complaint, it could have been reached by demurrer, for there would have been a defect of parties. Otherwise it is new matter to be pleaded in the answer, and if not, no such issue is raised and no such question can be tried. (*Smith* v. *Hall*, 67 N. Y. 50.) The objection was one which, if taken in proper season, could have been obviated by a very simple and purely formal amendment, and when not taken by either demurrer or answer must be deemed to have been waived and may be disregarded. The difficulty was one rather of form than substance, and had its basis in the title of the action alone, which was "Walter C. Spooner, as guardian *ad litem* of Ethel A. Spooner an infant, under the age of fourteen years." The complaint, however, stated a cause of action in favor of the infant, averring a wrong done to her and damages suffered by her, and so indicating that she was the real plaintiff appearing by her guardian *ad litem*. The defendant was not misled. The answer correctly interpreted the meaning of the complaint in spite of the informality of its title, for the defense was rested upon a denial of the negligence alleged and an assertion of contributory negligence on the part of the infant. The formal defect in the title was, therefore, properly disregarded when raised at the close of the plaintiff's case, and the trial court was justified in construing the complaint as setting out a cause of

action in the name and behalf of the infant appearing by her guardian.

2. One ground of negligence asserted was the defective construction of the crossing at which the plaintiff was injured. It appeared, during the progress of the trial, that the railroad was constructed and operated before the highway was laid out, and that the latter crossed the railroad, and, therefore, it is claimed, in the absence of any statutory provision of the state of New Jersey, within whose territory the accident occurred, it must be presumed that the duty of making and maintaining the crossing was upon the highway authorities, and not upon the railroad. The complaint, however, fairly averred an ownership of the crossing by the railroad company. It alleged that the plaintiff " had her foot inextricably caught and fastened between the rail and the planks at the crossing *belonging to such railroad*," and charged that the defendant negligently permitted the arrangement of the planks to be and remain defective. The answer denied that defective arrangement, but did not deny the ownership of the plank-crossing, and raised no issue over that ownership and the duty flowing from it. And this construction of the pleadings becomes extremely just when we observe that the plaintiff's offered proof of a reconstruction of the crossing after the accident by the railroad company was excluded upon the defendant's objection. While it was inadmissible upon the question of negligence, it would have shown that the railroad company exercised the dominion of an owner over the plank-crossing, and its rejection was justifiable only upon the ground that no such issue was raised by the pleadings.

3. Whether the crossing was defectively built and maintained was properly submitted to the consideration of the jury. The plank at the point of the accident was new and laid parallel with the rail on its inside and two and a half inches therefrom. It was laid with a straight edge, and the opening thus made for the flanges of passing wheels was the one in which the child's foot was caught. The other planks at the same crossing had the edge of the plank parallel to the rail

beveled off or rounded so that at the bottom it touched the rail and the flanges had room to pass, while no opening such as to catch or fasten an incautious foot was left.   There is evidence that a similar mode of construction existed at many other crossings of the company, and was uniformly used upon some other railroads, although many retained the straight edges.   The beveled edge seems to be an obviously prudent mode of construction, known to the company and adopted by it at this very crossing.   It prevents any such possible trap for a child's or a woman's foot as is created by the straight edge, and while such an accident had never before occurred in the history of the company, its possibility was quite obvious to any ordinary observation.   Many accidents have occurred from feet becoming caught in a frog, and such incidents should naturally have drawn attention to the similar danger where unrounded plank were laid at crossings.   It was not error, therefore, to submit the question of defective construction to the jury.

4. There was also a basis in the proof for alleging the negligence of the engineer, and the propriety of the child's presence upon the track.   How she came there and what she was doing depends wholly upon a disputed question of fact.   The defendant's witnesses insisted that she was playing upon the track at the Greenwood avenue crossing; and that after one warning whistle had driven her off she came back in front of the approaching engine, which was stopped with all possible promptness and effort.   If that was true, she was a trespasser, and grossly negligent.   But she tells a very different story.   She came to the track to see the train go by.   It was then at Roseville, a station about half a mile away, in a straight line, and plain to her observation as she approached the track.   She found some children smaller than herself playing about the rails and in danger from the train soon to arrive.   She told them to get off of the track, and they not heeding her warning she stepped upon it to make them get out of the way, and in the process her foot was caught between the plank and the rail.   She waved her hands wildly as a signal to the engineer,

who reversed his engine and applied the brakes when about three hundred and sixty feet from the crossing, and stopped his train just as the truck wheels of the engine had passed over the imprisoned foot. Between Roseville station and the Greenwood avenue station there is no obstruction to the view in either direction, except possibly the bridge over the track, which was eight hundred and fifty-four feet from the scene of the accident. The plaintiff saw the train beyond the bridge at Roseville. The engineer while at that station either saw or might have seen the plaintiff upon the track. At all events, he did see her as he passed the bridge. He then saw a small child upon the track waving her hands and not stepping aside. He should have checked his train at once. There was ample time in which to do it, for he swears that he could and did stop it within three hundred and sixty feet. On this state of facts the action of the engineer raised a question of negligence for the jury, and it was for them to say whether he ought not to have acted sooner in presence of what he saw before him. The plaintiff's statement is corroborated by a witness who saw her upon the track, and who testifies that she remained upon it without leaving from the first moment of her arrival. That contradicted the account of the engineer.

5. And this brings us to the questions raised upon the charge. The court ruled distinctly that an engineer may prudently assume that persons on the track will step off as the train approaches, and is not negligent for acting on that assumption, except when they are "persons apparently not capable of taking care of themselves, such as very young children and persons lying helpless on the track." The criticism is that Ethel was *sui juris* and capable of avoiding danger. But she was a child toward whom more watchful care was due, and in a perfectly helpless position of which her action and conduct gave a warning which might and should have been heeded. That, also, is the answer to defendant's tenth request, which was that the engineer had a right to act on the assumption that Ethel would step aside, and which was refused.

That would have been true if all that the engineer could see was a young child on the track. (*Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164.) But when he reached the bridge more than that was obvious. Ethel did *not* move aside, and was waving her hands and trying to signal the engineer. While he could not see her foot fast in the crossing, he could see that for some reason she did not leave the track and that something unusual had happened. He should have taken the alarm at once, and was imprudent for his delay. He must have seen that the child was looking toward him, that she saw the engine and yet did not step aside, and was waving her hands wildly and in alarm. All this the first glance must have disclosed, and it called upon him to act on the instant. Whether he did so as soon as he could, or with reasonable promptness under the circumstances, was the question for the jury. The trial judge made his position entirely plain. He explicitly said : " If, as soon as the engineer saw the plaintiff fall upon the track or discovered that, for some reason, she could not or might not get out of the way in time, he made diligent use of all the means at his command, in order to stop the train and avoid injuring the plaintiff, he did all that he was required to do, and was guilty of no negligence." The charge taken together accurately covered the situation and fairly presented the question of fact to the jury.

Further requests to charge, which were refused, were founded upon the theory that Ethel was a trespasser upon the track, but that was not true if her statement received belief. If she stepped upon the track in the humane effort to save younger children from danger, she was not a trespasser. (*Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502.) The answer made is that there was no approaching danger and she was merely meddlesome, and the contrary theory is pure sentiment. But she saw the train at Roseville; she knew it was coming; she knew that it moved swiftly; and the little children playing on the track *were* in danger; and whoever saw them there would naturally be alarmed for their safety and try to warn them off.

Some other objections to the charge have been considered, but their discussion does not seem to us necessary.

The judgment should be affirmed, with costs

All concur; GRAY, J., concurring, except so far as the opinion implies a doubt as to the right of a guardian to sue in his own name for his ward, holding that there could be no objection to this if the action is brought for the ward's benefit.

Judgment affirmed.