**PANAMA CITY TRANSIT COMPANY, a corporation, v. ROBERT DU VERNOY.**

33 So. (2nd) 48                                                  June Term, 1947
December 19, 1947                                                    En Banc
Rehearing denied January 12, 1948

*Thomas Sale,* for appellant.
*Charles S. Isler, Jr.,* for appellee.

BARNS, J.:

The plaintiff's declaration alleged that the defendant-appellant negligently and carelessly drove and operated its bus, by not yielding the right-of-way to the plaintiff, at a time when the plaintiff had the right-of-way, and by negligently turning said bus to the left, in front of the plaintiff's motorcycle, so as to cause a collision and injury, to which declaration the defendant filed its pleas of not guilty and of contributory negligence, stating that the bus then had the right-of-way.

Upon trial of the issues, plaintiff recovered a verdict of $15,000.00. The defendant's motion for new trial was denied, and thereupon the defendant appealed.

The question of right-of-way, as other questions of fact, was a question of fact for the jury, and there was sufficient evidence to warrant the submission of the issues to the jury for determination. The statutory law relating to right-of-way of vehicles approaching from the opposite direction is as follows:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard; but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

Sec. 317.41, F.S. 1941, F.S.A.

The rights of motorcycle drivers in approaching intersections and other vehicles are relative, and not absolute, and the law in respects thereto has been stated as follows:

The vehicle first at the intersection or crossing ordinarily has the right-of-way across, but such a right-of-way is not an absolute one, exercisable arbitrarily, or without regard to other conditions present or the right or safety of others, but

is to be exercised with due regard to the rights of others, the character of traffic and other conditions.

The facts established by the testimony appear to be that the appellant's-defendant's bus was going west on a street in Panama City and that the plaintiff was riding a motor cycle going eastward; that the appellee-plaintiff was driving at an excessive rate of speed, probably sixty miles per hour; that the defendant's bus approached the intersection, turned to the left and across the pathway of the motorcycle. It appears that the bus arrived at the intersection first, and, although there is conflict as to whether it passed to the right or left of the center of the intersection, this fact is not essentially determinative of negligence. It appears that the bus stopped, or nearly stopped, at the intersection. We assume from the evidence that the bus driver saw the motorcycle and that the motorcycle driver saw the bus.

The evidence gives rise to the application of the doctrine of "last clear chance," which is a phase of the law of proximate cause, and has been stated as follows:

When one negligently places himself in a position of peril and such perilous condition becomes known to another, that it then becomes the duty of such other to use reasonable care and caution to avoid injury to the one found in such perilous condition, it being recognized by law, however, that one being suddenly confronted with a dangerous or perilous situation is not required to exercise a greater degree of care or caution than the exigencies of the situation permit. One required to act quickly is not supposed to act with the judgment of one who can deliberate.

When all of the facts and circumstances are considered, the question of negligence was a question for the jury, as there was evidence sufficient to warrant the jury in finding the defendant careless in turning its bus to the left across the path of an oncoming motorcycle. If plaintiff's-appellee's motorcycle was being driven at an excessive rate of speed, then that is a factor which the jury had a right to consider in determining whether it was the duty of the bus driver to stop and wait. It appears evident that the jury concluded that the bus turned

and proceeded forward when it should have waited. Its driver had the last clear chance to avoid the accident after the motorcycle driver had placed himself in a position of peril. This he failed to do, and we must assume that the jury found he was negligent in such failure.

The judgment appealed from is affirmed.

TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, C. J., and BUFORD, J., dissent.