BARNS, Justice
(concurring specially).
Why an opinion? That a substantial •question of law is involved in.this appeal is made evident by the excellent presentation of his view in the dissenting opinion by Mr. Justice HOBSON; , that the appeal is not frivolous is evident from the fact that at least two justices are of the view that the trial judge erred in directing a verdict. The premises being considered it seems the better policy to state reasons why the judgment appealed from should be affirmed. In this or these views it is evident there is not unanimity among those for affirmance.
The determinative facts are not in controversy and, therefore, the appeal turns on a question of law raised by the granting of defendant’s motion for a directed verdict. If there is any substantial evidence to support a verdict for the plaintiff-appellant the trial judge erred, otherwise not, and we are governed by the rule that no inferential fact may properly be inferred, that is inconsistent with the undisputed or non-controverted established facts.
The appellant-plaintiff, Ruby Burdette, sued the appellee, Phillips, for wrongful death of her husband resulting from an automobile collision of cars driven by Mr. Burdette and Mr. Phillips. Burdette drove to his left side of the road three times as the cars approached each other from opposite directions for about 1200 or 1300 feet. The last time Burdette drove to the left was as he approached a store which was on Burdette’s left and Phillips’ right. The store had a gravel surface shoulder between the store and the highway for cars.
Phillips, seeing the Burdette car approaching him on the wrong side or left side of the road for the third time drove to the center of the highway or to the left side of the highway, which would have resulted in the cars each passing the other to the left if Burdette had not suddenly attempted to return to his right side. For Burdette to drive his automobile to his left side of the road when meeting an automobile going in the opposite direction and to remain on the left after the approaching car has likewise driven to the left and to suddenly attempt to return to the right at a time when it was too late for the approaching car to return to its right-hand side and avoid a collision was negligence and the proximate cause of the collision. Burdette’s car struck the right front of Phillips’ car and Burdette died- from the accident.
From the evidence it might fairly be deduced that Burdette was either sober, under the influence of intoxicants, or suffering from an ailment which caused him to faint, but no conclusion of any of these questions of fact are determinative of the question of liability of Phillips who was only required to use due care and caution toward Burdette. The actual negligence was the conduct of the deceased and not what caused it'. What would be due care and caution is to be determined from the facts as they personally appeared to Phillips and not facts subsequently revealed at trial revealing the cause of the conduct of Burdette.
The facts recited appear to be beyond substantial controversy which facts give rise to the application of the doctrine of “last clear chance” as stated in the case of Panama City Transit Co. v. Du Vernoy, 159 Fla. 890, 33 So.2d 48, 50, as follows:
“ ‘When one negligently places himself in a position of peril and such perilous condition becomes known to another, that it then becomes the duty, of such other to use reasonable care and caution to avoid injury to the one found in such perilous condition, it being recognized by law, however, that one being suddenly confronted with a dangerous or perilous situation is not required to exercise a greater degree of care or caution than the exigencies of the situation permit. One required to act quickly is not supposed to act with the judgment of one who can deliberate’.”
As in the Transit Co. case, it was negligence for it to drive its bus, from a position where it ought to have been, in front of an oncoming motorcycle being driven at an excessive speed, it was'likewise negli *807 gence for Burdette to drive his car from a position where it ought not to have been, in front of the oncoming car of Phillips, which we will assume, arguendo, was likewise being driven at an excessive speed.
It was not error to direct a verdict, and I therefore concur in the judgment of af-firmance.