## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## L. NORTON, Appellee.

### No. 6460.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 17, 1955.

Rehearing Denied Feb. 14, 1955.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Bob Huff and J. H. Splawn, Jr., and Rayford Ball, Lubbock, Ted Odom, Lubbock, of counsel, for appellee.

NORTHCUTT, Justice.

This is an appeal from a judgment against the appellant, defendant below, as insurer of Mayhew Machine & Supply Company, the employer of appellee. Appellee claimed compensation under the workmen's compensation law of the State of Texas alleging that he suffered an accident on the 25th day of September, 1952 while working for his employer as a welder and, as a result of said accident, he sustained and suffered the following injuries:

" * * * ruptured intervertebral disc between the 4th lumbar and 5th lumbar vertebra together with severe damage to the intervertebral disc between the 5th lumbar and sacram; compression of the 4th and 5th lumbar vertebra in the low back; separation of sacro-iliac joints, causing sacro-iliac subluxation; plaintiff further alleges he has received a severe pinching and damage to the nerves in his spine and the level of the 4th and 5th lumbar vertebra and sacrum which has caused severe neurological symptoms in his low back and left leg wherein he suffers from a paralysis of the left leg at irregular intervals; severe numbness in the lower extremities including the left thigh and left leg; all of which injuries prevents him from doing any stooping, lifting or bending of any nature whatsoever; together with a rupture and contusion of all the nerves, muscles, blood vessels and soft tissues in the back and low back causing total and permanent disabilities under the provisions of the Workmen's Compensation Act of the State of Texas."

This case was tried to a jury. The jury found that L. Norton on September 25, 1952 sustained total incapacity and that such total incapacity was permanent; that Norton did not sustain any partial incapacity; that Norton had worked a year immediately preceding the date of injury and that his average weekly wage during that time was $100. Judgment was entered upon this verdict in favor of appellee for $8,966.42 decreeing a lump sum settlement. From this judgment appellant perfected this appeal. The first proposition urged by appellant is:

"First Point of Error

"The evidence conclusively showing that Appellee returned to his employment after the accident of September 25, 1952, and worked for 175 during which he earned $3,417.28, the jury's findings in response to Special Issues 2, 3 and 5, to the effect that Appellee suffered total incapacity beginning September 25, 1952; that the total incapacity was permanent, and that Appellee sustained no partial disability are unsupported by the evidence and are contrary to the overwhelming weight and preponderance of the evidence."

It is undisputed that the date of the injury in question was September 25, 1952 and appellee was paid $175 compensation which would be for seven weeks. It is also undisputed that appellee worked on the job four days during September 22 to September 28; five days during September 29 to October 5; five and one-half days from October 6 to October 12 and five days from October 13 to October 19. Then he was off work some five or six weeks until November 24, 1952 when he went back to work on his same job, doing the same kind of work, drawing the same rate of pay he was before he was injured and worked steadily from that date on until June, 1953 at which time he was fired. There is no question about him quitting work because of his inability because, by his own testimony, he worked until he was fired.

It is not a question here as to whether Mr. Norton had received an injury but the real question is—was he totally incapacitated from September 25, 1952 as found by the jury. The jury found he was totally incapacitated and not partially on September 25, 1952. We think the findings of the jury that the appellee suffered total incapacity beginning September 25, 1952; that the total incapacity was permanent and that appellee sustained no partial disability is so contrary to the undisputed record in this case and so contrary to the overwhelming weight and preponderance of the evidence that no citation of authority will be necessary. Appellant's first point of error is sustained.

Since we are of the opinion this case must be reversed because of the matters heretofore discussed, we will not pass upon the other assignments of error as they are matters concerning the admissibility of evidence and statements of appellee's attorney, and such matters may not arise in another trial. However, under the state of this record, we do not believe the question of a "spinal fusion operation" should have been permitted brought out in this case as it was. Judgment of the trial court is reversed and cause remanded.