ROYAL INDEMNITY COMPANY,
Appellant,

v.

W. A. CURTIS, by his next friend, A. F.
Curtis, Appellee.

No. 16837.

United States Court of Appeals
Fifth Circuit.

June 9, 1958.

Rehearing Denied July 30, 1958.

David M. Kendall, Jr., Timothy E. Kelley, Pinkney Grissom, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellant.

John B. Wilson, Jr., Dallas Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

This appeal is from a judgment upon the jury verdict entered by the District Court under the Texas Workmen's Compensation Act in favor of appellee W. A. Curtis, by his next friend, and against appellant Royal Indemnity Company, setting aside an award of the Industrial Accident Board of Texas and granting appellee recovery based upon one hundred sixty weeks total disability with accelerated payments. The appeal is based chiefly upon appellant's contentions that

the evidence was insufficient to sustain the jury's finding that appellee was totally incapacitated, that the court below wrongfully admitted testimony on behalf of appellee that he desired to become a minister of the Gospel and of the necessitous circumstances of his family; and that, in any event, the court below erred in refusing appellant's requested instruction that such evidence should be confined solely to the question of whether the jury would make a lump sum award.

Appellee was employed by General Motors Corporation in Dallas, Texas, beginning October 18, 1955, and claimed that he was injured February 28, 1956. His work consisted of taking orders and going to the various locations where the equipment was kept, and moving it by a cart to the delivery department. The items sometimes weighed from 84 to 123 pounds. On the date last mentioned, appellee was instructed to push a flat truck which was loaded with car bumpers and he informed the supervisor that the load was too heavy for one man to push. Being instructed by the supervisor to go ahead and try to accomplish the movement, appellee proceeded to do so and felt a "pop in my back like the popping of a joint of a finger [and] * * * a sharp knife-like pain sticking my back * * *."

Upon reporting to the company doctor, appellee was told to remain away from his work for a period and he did not report back for work until April 1, 1956. He worked several days and his back began hurting him again. About this time, appellee consulted Dr. Goodfried, who made a thorough physical examination of appellee and took X-ray pictures, keeping him under observation for several months. Based upon these examinations and the history given him by appellee, he expressed the guarded opinion that appellee had a herniated or extruded disk resulting from the strain of February 28th. Appellee remained away from work a total of five months, excluding the two or three days in April, and was paid compensation in the amount of $25.00 per week. In the latter part of July he resumed his duties and worked continuously until about the time of the trial, a period of about nine months. The testimony showed that the appellee had been in "extra good" health prior to the accident, having no physical infirmities.

Upon the trial, appellee and his mother were permitted to testify [1] that appellee desired to attend Baylor University to work towards a degree in religion and to become a Baptist minister, and that he was saving a portion of his earnings for that purpose. They further testified that the family did not have sufficient means to support the appellee in college. Appellant seasonably objected to the introduction of this testimony. The jury found in favor of the appellee, fixing a total disability for 160 weeks, and providing that the payment should be accelerated at the rate of $80.00 per week.

Appellant urges upon us [2] that there was no evidence that appellee was totally disabled for any period of time after August 1, 1956. Appellee's case is not a strong one, but a careful reading of his testimony and that of his mother and Dr. Goodfried convinces us that there was sufficient to take the case to the jury on this question. No two cases are exactly alike on their facts, and no good purpose would be served by detailing those involved here. It is sufficient to say that we will not disturb a jury's verdict if, as here, the evidence, viewed from the standpoint of the successful party,

1. Vernon's Texas Civil Statutes, Article 8306, § 15, provides:
   "* * * In special cases wherein the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association * * * to redeem their liability by payment of a lump sum * * *."

2. Relying upon Maryland Casualty Co. v. Abbott, Tex.Civ.App.,1939, 131 S.W.2d 171; Texas Employers Insurance Ass'n v. Moran, Tex.Civ.App.,1953, 261 S.W.2d 855; Texas Employers Insurance Ass'n v. Swain, Tex.Civ.App.,1954, 278 S.W.2d 600; and Texas Employers Insurance Ass'n v. Norton, Tex.Civ.App.,1955, 278 S.W.2d 287.

is sufficient to sustain the verdict, or if reasonable minds could differ as to the weight and probative force of the evidence.[3] We are, of course, bound by the federal rule as to the effect of a jury verdict and cannot follow the argument of appellant based upon Texas decisions.[4]

Appellant's claim that it was error for the court below to admit testimony of appellee and his mother that he was planning to attend school to pursue studies leading to the ministry, and that the necessitous condition of the family would not afford finances sufficient for that purpose must be rejected under Texas decisions.[5] In the Hitt case, such testimony was considered so clearly proper that detailed discussion of the question of its admissibility was not "deemed essential." And cf. also Rule 43(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

But such evidence is, under the Texas decisions cited, admissible only to enable the jury to determine whether "manifest hardship and injustice would otherwise result" in its consideration of the question whether payment of a lump sum should be compelled.[6]

But we think that appellant was entitled to have this character of evidence, tending inevitably to arouse sympathy, restricted to the narrow purpose for which it was offered and admitted. This it sought to do by requesting an instruction so limiting it.[7] The court below refused to give this instruction and did not cover this important phase of the case in any other adequate way in its charge. This, we think, was reversible error requiring that the case be submitted to another jury under proper instructions.[8]

The issues framed by the pleadings made an instruction of this nature of highest importance to appellant. It was insisting throughout that appellee did not

3. Shepherd v. Mahannah, 5 Cir., 1955, 220 F.2d 737; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930, 932; Central Truck Lines, Inc., v. Lott, 5 Cir., 1957, 249 F.2d 722, 725; Digby v. United States Fidelity & Guaranty Co., 5 Cir., 1957, 239 F.2d 569, 571, 572; and cf. Pennsylvania Threshermen, etc., Co. v. Gloff, 5 Cir., 1956, 238 F.2d 839, and Complete Auto Transit, Inc., v. Floyd, 5 Cir., 1957, 249 F.2d 396, 399; Pogue v. Great Atlantic & Pacific Tea Co., 5 Cir., 1957, 242 F.2d 575, 582.

4. E. g., in Texas Employers Insurance Ass'n v. Moran, Tex.Civ.App., 1953, 261 S.W.2d 855, at page 856, the court states that, "The question requires the Court of Civil Appeals, in the exercise of its *peculiar* powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial * * *". [Emphasis added.]

5. Texas Employers Ins. Ass'n v. Hitt, Tex. Civ.App., 1939, 125 S.W.2d 323, 329; Texas Employers Ins. Ass'n v. Beckworth, Tex.Civ.App., 1931, 42 S.W.2d 827, and St. Paul Mercury Indemnity Co. v. Mullins, Tex.Civ.App., 1934, 73 S.W. 2d 932.

6. As provided in the article of the Texas Statutes quoted in Footnote 1 supra.

The jury did not make a lump sum award under this statute, but it did order accelerated payments as provided in 22 Vernon's Texas Civil Statutes, Article 8306, § 15a: "In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the Board that the amount of compensation being paid is inadequate to meet the necessities of the employee or beneficiary, the Board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid, * * *".

7. "You are instructed that in considering your verdict you are to consider the evidence concerning the financial condition of Plaintiff's family, the fact that his mother has to work, Plaintiff's ambitions concerning the future and other similar facts only in determining whether, should Plaintiff be entitled to any award, such award is to be paid in a lump sum. You are specifically instructed not to consider any evidence having to do with the financial condition of Plaintiff or Plaintiff's family or having to do with Plaintiff's ambitions in determining whether or not Plaintiff is entitled to recover in this suit."

8. Such an instruction, was found to be proper in Texas Employers Insurance Ass'n v. Hitt, supra.

receive any injury at all at the time or in the manner claimed by him. The rejected instruction told the jury that it should not consider this evidence, admitted for a special and limited purpose in passing upon that issue. In the absence of a charge limiting this evidence to the one question of a lump sum award, it is extremely probable that the jury was influenced by it in the rendition of its entire verdict.

The judgment of the court below is, therefore, reversed and the case is remanded for a new trial.

Reversed and remanded.