SMITH, FRANK A., Associate Judge.
The appellant was the plaintiff and the appellee was the defendant in the lower court. This is an appeal from an order setting aside a jury verdict in favor of plaintiff and the entry of final judgment in favor of the defendant with costs assessed against the plaintiff.
The plaintiff, William H. Mayhew,. filed a complaint seeking damages for injuries *452 received by plaintiff from an exploding tire. The complaint alleged that plaintiff was the owner of a “Low-Boy” trailer equipped with eight pneumatic tired wheels arranged side by side on its rear axle; that the defendant, who holds himself out to the public as being experienced in rebuilding, repairing, mounting and remounting automobile, truck and trailer tires, undertook to repair the tires on plaintiff’s trailer; that after repairing the tires they were remounted in such a manner that the valve opening in the outer tire was not aligned with the opening in the inner tire; and that this improper mounting subjected a person inflating these tires to the danger of the inner tire and rim exploding off the wheel while being inflated. The complaint further alleged that the defendant, Pierce Tire Company, placed this equipment in the hands of plaintiff without warning him of this dangerous condition; that while plaintiff was subsequently inflating this tire it exploded pinning his right hand between the inner and outer wheels; and that plaintiff’s hand as a result of the explosion was severely injured.
The sufficiency of this complaint was upheld by this court in Mayhew v. Pierce Tire Company, Fla.App.1958, 104 So.2d 862.
Upon a jury trial on the issues of negligence and contributory negligence the verdict was rendered in favor of plaintiff, but which was set aside on defendant’s motion and judgment was entered in favor of defendant pursuant to the Court’s granting its motion for directed verdict. This appeal is from such judgment.
Appellant’s Point I challenges the ruling directing the verdict in favor of defendant for the alleged insufficiency of the evidence to establish actionable negligence and lack of evidence showing that defendant’s negligence was the proximate cause of plaintiff’s injury. Although there is evidence to the effect that defendant improperly mounted the ti.res, there is no showing that such mounting caused the explosion of a tire which occurred when plaintiff was attempting to inflate same and which explosion caused his injury.
The improper mounting shown by the evidence was the misalignment of the two outer tires, so that the valve to the innermost tire of the two was not accessible. As mounted, a person attempting to inflate that inner tire was unable to contact the valve of same without reaching his hand in between the two tires and connecting the air-hose with the valve; however, there is no testimony that such a mounting of the tires would cause an explosion. There may be numerous improper mountings that would cause an explosion, but unless the improper mounting such as was done with these tires was one that was likely to cause an explosion, it is immaterial. There is an absence of any testimony that such a mismounting caused the particular explosion or that any such mismounting might cause an explosion.
In regard to Point II posed by appellant, that the Court should have granted plaintiff’s motion to amend the pleadings to conform to the evidence, it cannot be sustained. Upon a careful scrutiny of the evidence the Court fails to find actionable negligence committed by defendant. Although it is shown that the defendant improperly mounted the tires on the “lowboy”, there is no proof that the mounting in such a manner was likely to cause them to explode and injure a person engaged in inflating them in the manner attempted by plaintiff. Without such an order, under the rule the amendment may be deemed made so that plaintiff will have the benefit of same, but even so, the case made is not sufficient but is vulnerable to the motion of defendant for a verdict in its favor.
Finding no error in the Court’s ruling setting aside the jury’s verdict and directing the verdict in defendant’s favor, the judgment is affirmed.
ALLEN, C. J., and SHANNON, J., concur.