Lillie Mozell SHIREY and Ernest D. Shirey, Appellants,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellee.

No. 20348.

United States Court of Appeals Fifth Circuit.

Jan. 28, 1964.

550

John M. Coe, Pensacola, Fla., for appellants.

Robert P. Gaines and Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, Fla., for appellee.

Before RIVES and JONES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

This appeal is from a summary judgment for the defendant. The district court held that there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law[1] for two reasons: 1) There was no substantial evidence of any negligence on the part of the defendant which was a proximate cause of plaintiff's injury; 2) the plaintiff was guilty of contributory negligence as a matter of law.[2]

Two sets of the defendant's railroad tracks run in a north and south direction down the center of Tarragona Street in the City of Pensacola, Florida. As Mrs. Shirey, a 65-year-old woman, was walking in a westerly direction on the north side of Government Street, she approached its intersection with Tarragona Street. Mrs. Shirey had on previous occasions walked across this intersection, but there is no other evidence that she was familiar with the details of construction of the railroad tracks at that place.

Mrs. Shirey and an old man named Church reached the intersection at about the same time. An automobile also going west on Government Street was attempting to make a right turn to go north on Tarragona, but the motor had stalled. After stopping, Mrs. Shirey and Mr. Church stepped down off the sidewalk and Mrs. Shirey made about three steps, when the car started and "just whipped right around" into their path "at a fast speed." Mr. Church stepped back to get out of the way of the car, and Mrs. Shirey hurried on "to

1. If correct, such holdings entitle the defendant to summary judgment. Rule 56, Fed.R.Civ.P.

2. The opinion of the district court is reported in 213 F.Supp. at 574.

keep from getting hit." The car passed behind her—"it just did miss me."

Mrs. Shirey fell with her left knee striking one of the railroad tracks, she could not tell which.[3] Describing her fall, Mrs. Shirey testified:

"Q. Which foot was it that caught or slipped or went wrong first?

"A. My left foot, seemed to slip in a hole, or something went wrong, and then I caught the right foot under something or another and when I come to know anything, I was—the leg, I couldn't get up. I tried and had to go back to the ground.

"Q. Now, do you know when it was that your left foot slipped or tripped on?

"A. I could not tell you. It was fouled.

"Q. It was what?

"A. Fouled. I couldn't make the track but I tried.

"Q. I am sorry. I don't understand. You mean fouled—f-o-u-l-e-d?

"A. Yes.

"Q. It was caught on something?

"A. Yes. Yes.

"Q. But you don't know what that something was?

"A. No, I couldn't have time to look. If I had I wouldn't have fell.

"Q. And what happened to your right foot? Did you say that it caught on something, too?

"A. When I picked it up over the track, I struck something with it and then I went down."

The shoes which Mrs. Shirey was wearing are forwarded as original exhibits. According to Mrs. Shirey's affidavit,

" * * * they were new and had been worn approximately two times and had no scuffs and mars on the

toes, and that the scuff and mar appearing on the right hand shoe and to a lesser extent on the toe of the left were made by the catching of the said shoes upon her feet against the rails or cracks adjacent thereto of the defendant's track."

The defendant introduced photographs of the intersection. Wooden timbers had been placed on each side of each rail. An affidavit of Mr. Coker, one of defendant's employees, states:

"I was instructed to measure the area in particular in the vicinity of the easternmost rail of the westernmost track at said intersection since that is where Mrs. Lillie Mozell Shirey in her complaint filed against the Louisville and Nashville Railroad Company alleges that she tripped and fell. At the time of my measurements I found that the top of the easternmost rail of the westernmost track was one and one-half inches above each of the timbers placed beside the track. I also found that the distance between the west side of the timber on the east side of the rail and the east edge of the rail was two inches, and that the distance between the west side of the rail and the east side of the timber on the west side of the rail was from two and one-quarter to two and one-half inches wide. These measurements were made within a north-south distance of nine feet, five and one-half inches, which is the width of the pedestrian crosswalk at the intersection."

It is necessary that the timber on the inside of each rail be spaced at least two inches from the rail so that the flange of the wheels of trains can roll along the side of the rail. No necessity appears for the two inch distance between the rail and the timber on the outside of the rail.

3. " * * * I couldn't tell you whether I was between the tracks, the two sets of tracks or whether I was above on the last track going west but I would think, the best I can think of it, that I was—

that I had crossed the first track and it was on the second track. Now, the best I can think of it but that can't be a positive thing."

■ The plaintiffs had demanded a trial by jury. The rule seems now fairly well established by decisions of the Supreme Court [4] and of this Court,[5] that in a diversity case, state law controls as to the substantive elements of plaintiff's case and of defendant's defense, but the sufficiency of the evidence to raise a question of fact for the jury is controlled by federal law.

As to the substantial elements going to make up defendant's alleged negligence, there is no dispute but that defendant owed a duty to "maintain and keep in good condition highway crossings at all points where said line of railroad is crossed * * * by any public street." Sec. 357.01, Florida Statutes Annotated. The Florida Supreme Court has declared that, "The company was liable for an injury resulting from a negligent breach of this duty, if its breach in this respect was the proximate cause of the injury." Loftin v. Dagley, 1943, 152 Fla. 831, 13 So.2d 311, 313.[6]

■ In Reuter v. Eastern Air Lines, 5 Cir. 1955, 226 F.2d 443, 445, 446, we restated the federal test as to the sufficiency of the evidence:

"In determining whether there is sufficient evidence to take the case to the jury, a federal judge performs a judicial function and is not a mere automaton. Gunning v. Cooley, 281 U.S. 90, 93, 50 S.Ct. 231, 74 L.Ed. 720. He must determine,

'not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it.' Improvement Co. v. Munson, 14 Wall. 442, 448; see Railway Express Agency v. Mallory, 5 Cir., 168 F.2d 426, 427. 'The requirement is for probative facts capable of supporting, with reason, the conclusion expressed in the verdict.' Myers v. Reading Co., 331 U.S. 477, 485, 67 S.Ct. 1334, 1339, 91 L.Ed. 1615; see Thomas v. Atlantic Coast Line R. Co., 5 Cir., 223 F.2d 1, 4."

■ We cannot agree that there was no genuine issue as to whether defendant breached its duty. A jury could reasonably find otherwise from all of the attendant facts and circumstances, including defendant's rail extending 1½ inches above the timbers and the unnecessary 2-inch gap at the outer edge of the rail.[7]

Proof of causation presents a more serious question. We cannot, however, hold that it would be unreasonable for a jury to find from the place of fall and all of the other circumstances, including the scuffs on Mrs. Shirey's shoes and the photographs of the intersection, that a preponderance of the evidence went to show that Mrs. Shirey's foot was caught in the unnecessary 2-inch gap or that she tripped on the rail.

4. Byrd v. Blue Ridge Rural Elec. Cooperative, 1958, 356 U.S. 525, 536 et seq., 78 S.Ct. 893, 2 L.Ed.2d 953; Dick v. New York Life Ins. Co., 1959, 359 U.S. 437, 444, 445, 79 S.Ct. 921, 3 L.Ed.2d 935; Simler v. Conner, 1963, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691; compare Evans v. S. J. Groves & Sons Company, 2 Cir. 1963, 315 F.2d 335, 342.

5. Wright v. Paramount-Richards Theatres, 5 Cir. 1952, 198 F.2d 303, 305, 306; Reuter v. Eastern Air Lines, 5 Cir. 1955, 226 F.2d 443, 445; Pogue v. Great Atlantic & Pacific Tea Company, 5 Cir. 1957, 242 F.2d 575, 582; Royal Indemnity Company v. Curtis, 5 Cir. 1958, 256 F.2d 329, 331; Jackson v. Southern Railway Company, 5 Cir. 1963, 317 F.2d 532, 537; see also, 5 Moore's Federal Practice 2nd ed., §§ 38.09 and 38.10.

6. See generally the valuable annotation in 64 A.L.R.2d 1199–1276 on "Railroad company's liability for injury or death of pedestrian due to condition of surface of crossing."

7. See generally Annotation 64 A.L.R.2d 1199; Spooner v. Delaware, Lackawanna & Western R. R. Co., 1889, 115 N.Y. 22, 21 N.E. 696. See also, Atlantic & Gulf Stevedores v. Ellerman Lines, 1962, 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798; 6 Moore's Federal Practice, 2d ed., § 56.06; 2B Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, § 1075.

■ As to contributory negligence, the substantive rule has been stated in a late Florida case as follows:

"While we have held repeatedly that it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any * * *, nevertheless a normal adult person is charged with the duty to exercise a reasonable degree of care for his own safety and to see that which would be obvious upon the ordinary use of his senses * * *." Chambers v. Southern Wholesale, Inc., Fla.1957, 92 So.2d 188, 190.

■■ Florida recognizes distractions as a valid excuse.

"This court is committed to the proposition that contributory negligence is ordinarily a question of fact for the jury. It is true that by her own admissions appellee was familiar with the scale and with the locus of the accident. She asserts, however, that the case was one for jury consideration because of the 'distraction rule' whereunder, if her attention were diverted from the known danger by a sufficient cause, the question of contributory negligence is for the jury. With this contention we are inclined to agree. At the time appellee was distracted by her employer's call to her she, according to her testimony, immediately looked both at the traffic and the traffic light, which we consider to have been her duty in exercising ordinary care and caution for her own safety before attempting to cross the street." Deane v. Johnston, Fla. 1958, 104 So.2d 3, 9, 65 A.L.R.2d 957. See also, Panama City Transit Co. v. Du Vernoy, 1948, 159 Fla. 890, 33 So.2d 48, 50.

■ Applying the federal rule as to sufficiency of the evidence, we think it clear that the issue of contributory negligence was for the jury. See cases collected in Annotation 64 A.L.R.2d at 1219–1221.

The judgment is reversed and the cause remanded.

Reversed and remanded.

JONES, Circuit Judge (dissenting).

The Florida courts have had frequent occasion to declare and apply the well-settled rule that negligence is not actionable unless there is a causal connection between the negligence and the injury for which relief is sought. See Mayhew v. Pierce Tire Co., Fla.App., 120 So.2d 451; Pope v. Pinkerton-Hays Lumber Co., Fla.App., 120 So.2d 227; McWhorter v. Curby, Fla.App., 113 So.2d 566; Florida Power Corporation v. Willis, Fla.App., 112 So.2d 15; Williams v. Atlantic Coast Line Railroad Co., 56 Fla. 735, 48 So. 209, 24 L.R.A.,N.S., 134, 131 Am.St.Rep. 169; Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 So. 558.

The testimony of Mrs. Shirey is enough to go to the jury on the questions of defendant negligence and plaintiff injury. I cannot join in saying that there is enough evidence to make a jury issue on the question of causation. Mrs. Shirey fell and as an incident of her fall she scuffed her shoes. But she could have scuffed her shoes as the result of a fall resulting from her sole negligence. So also could she have suffered the injuries which she sustained from a fall resulting from her sole negligence.

In support of its view that Mrs. Shirey's testimony was enough to go to the jury on the question of causation, the court cites, among other decisions, the opinion of this Court in Pogue v. Great Atlantic & Pacific Tea Company, 5th Cir. 1957, 242 F.2d 575. Of this decision of this Court, the Supreme Court of Florida has said that the Court, in the Pogue decision, interpreted the decisions of the Florida courts more broadly than the decisions justify. Food Fair Stores, Inc. v. Trusell, Fla., 131 So.2d 730. The court has, I am convinced, in this case, continued to interpret the decisions of the Florida courts more broadly than is justified.

It is my view that the evidence here is purely speculative on the issue of causation and inadequate to produce a jury question. Food Fair Stores, Inc. v. Trusell, supra. I would affirm the judgment of the district court.